

## MB McMAHON•BERGER

ATTORNEYS AT LAW
*A Professional Corporation*

2730 NORTH BALLAS ROAD - SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039
TELEPHONE: 314-567-7350
FACSIMILE: 314-567-5968
WWW.MCMAHONBERGER.COM

THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LEMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

*ADMITTED IN ILLINOIS

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS M. HANNA
RALPH E. KENNEDY

April 22, 2011

**CERTIFIED MAIL**

Dr. Michael Steven Theiss
Custodian of Records
UAB Highlands
1201 11th Avenue South
Birmingham, Alabama 35205

     Re:    John Morris v. Sequa Corporation d/b/a Precoat Metals
               Case No. CV-11-0053-SLB
               Our File No.:  SQU-093

Dear Sir or Madam:

    We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum. If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition. I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

    Thank you for your time and cooperation in this matter. Please do not hesitate to call if you have any questions.

Very truly yours,

Brian C. Hey

BCH:sb
Enclosures

cc:   Thomas Talty

182659.1

*Celebrating over 50 years*
*Founded 1955*

## Issued by the

# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Alabama |

| John Kris Morris | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Sequa Corporation, d/b/a Precoat Metals | Case Number:[1]  CV-11-B-0053-S |

TO:  Dr. Michael Steven Theiss (Custodian of Records)
UAB Highlands
1201 11th Avenue South
Birmingham, AL 35205

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment.

| PLACE | 2015 1st Avenue North, Birmingham, AL  35203 | DATE AND TIME  5/27/2011 9:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendant | DATE  4-22-2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian Hey, 2730 N. Ballas Rd. St. Louis, MO 63131 · 314-567-7550

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

**SERVED** _Custodian of Records_     _Certified Mail_

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

_Brian C. Hey_       _Attorney for Defendant_

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   _4-22-2011_

              DATE

                         SIGNATURE OF SERVER

_2750 N. Ballas Rd, St. Louis, MO_

      ADDRESS OF SERVER   _63131_

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance,
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**ATTACHMENT**

John Kris Morris, SSN: 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, DOB: 12-19-1974:

INFORMATION TO BE RELEASED FOR THE TIME PERIOD BEGINNING JANUARY 1, 2004 THROUGH THE PRESENT:

☑       ENTIRE MEDICAL RECORD (including ER records, admission and discharge summaries, dictated reports and consults, operative and procedure reports, intraoperative and procedure flow sheets, informed consents, physician orders, progress notes, flow sheets, medication and transfusion records, test results, labs, pictures, pathology reports, EKGs, fetal monitoring strips, office records, immunization records growth charts, telemetry strips, radiology and other diagnostic reports, patient instructions, discharge summary).

☑       RECORD ABSTRACT (History and physical, progress notes, lab, radiology, operative report, pathology report, consultation report and diagnostic tests).

☑       RADIOLOGY AND OTHER DIAGNOSTIC IMAGING FILM, PICTURES, AND OR CD ROM (x-rays, CT scans, MRI, ultrasound, angiogram, diagnostic procedure, etc.,) unless otherwise specified.

☑       ALL MEDICAL AND RELATED BILLS RELATED TO THE ABOVE REQUESTED INFORMATION

☑       MEDICATION RECORDS

☑       OTHER (SPECIFY CONTENT): medical and counseling records relating to treatment for emotional pain, suffering, humiliation, embarrassment, inconvenience, mental anguish, and loss of enjoyment of life.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ _____, being by me duly sworn, deposed as follows:

1.      My name is_____. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

2.      I am the Custodian of Records for Dr. Michael Steven Theiss.

3.      Attached hereto are ____ pages of records representing copies of the documents in the possession of Dr. Michael Steven Theiss pertaining to John Kris Morris.

4.      These _____ pages of records are kept by Dr. Michael Steven Theiss in the regular course of business; it was the regular course of business of Dr. Michael Steven Theiss or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

5.      The records attached hereto are exact duplicates of the original records.


_____


STATE OF ALABAMA        )
                        )SS
COUNTY OF _____)

Subscribed and sworn to before me this ____ day of _____, 20____.


_____
Notary Public

My Commission Expires:

FILED

2011 Apr-19  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN KRIS MORRIS, | } | |
| | } | |
|     Plaintiff, | } | |
| | } | |
| v. | } | |
| | } | CASE NO. 2:11-cv-0053-SLB |
| SEQUA CORPORATION, d/b/a | } | |
| Precoat Metals, | } | |
| | } | |
|     Defendant. | } | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.  This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA.  45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action.  Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.  See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE**, this 19th day of April, 2011.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

2



THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LeMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

ATTORNEYS AT LAW
*A Professional Corporation*

2730 NORTH BALLAS ROAD · SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039

TELEPHONE: 314-567-7350
FACSIMILE: 314-567-5968
WWW.MCMAHONBERGER.COM

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS M. HANNA
RALPH E. KENNEDY

*ADMITTED IN ILLINOIS

April 22, 2011

**CERTIFIED MAIL**

Social Security Administration
Custodian of Records
1200 Reve Abraham Woods Jr., Blvd, 1st Floor
Birmingham, Alabama  35285

> Re:  John Morris v. Sequa Corporation d/b/a Precoat Metals
>      Case No. CV-11-0053-SLB
>      <u>Our File No.:  SQU-093</u>

Dear Sir or Madam:

We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum.  If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition.  I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

Thank you for your time and cooperation in this matter.  Please do not hesitate to call if you have any questions.

Very truly yours,

Brian C. Hey

BCH:sb
Enclosures

cc:    Thomas Talty

182660.1

*Celebrating over 50 years*
*Founded 1955*

## Issued by the
# UNITED STATES DISTRICT COURT

_____Northern_____ **DISTRICT OF** _____Alabama_____

| | |
|---|---|
| John Kris Morris | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Sequa Corporation, d/b/a Precoat Metals | Case Number:[1] CV-11-B-0053-S |

TO: Social Security Administration
Custodian of Records
1200 Rev Abraham Woods Jr Blvd, 1st Floor
Birmingham, AL 35285

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment.

| PLACE    2015 1st Avenue North, Birmingham, AL 35203 | DATE AND TIME 5/27/2011 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Defendant | DATE 4-22-2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian C. Hey, 2730 N. Ballas Rd, St. Louis, MO 63131 · 314-567-7350

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *Custodian of Records* | *Certified Mail* |

SERVED ON (PRINT NAME) *Brian C. Hey*    MANNER OF SERVICE

SERVED BY (PRINT NAME)    TITLE *Attorney for Defendant*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___*4-22-2011*___
DATE

SIGNATURE OF SERVER

*2230 N. Ballas Rd, St. Louis, MO*
ADDRESS OF SERVER *63131*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT

John Kris Morris, SSN: 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, DOB: 12-19-1974:

John Kris Morris' application for disability benefits under the Social Security Act and the Social Security Act's file(s) maintained for John Kris Morris' application for disability benefits.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ _____, being by me duly sworn, deposed as follows:

1.      My name is_____.  I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

2.      I am the Custodian of Records for the Social Security Administration.

3.      Attached hereto are ____ pages of records representing copies of the documents in the possession of the Social Security Administration pertaining to John Kris Morris.

4.      These _____ pages of records are kept by the Social Security Administration in the regular course of business; it was the regular course of business of the Social Security Administration or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

5.      The records attached hereto are exact duplicates of the original records.


_____

STATE OF ALABAMA          )
                                           )SS
COUNTY OF _____)

Subscribed and sworn to before me this ____ day of _____, 20____.


_____
Notary Public

My Commission Expires:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN KRIS MORRIS,         }
                      }
      Plaintiff,       }
                      }
v.                     }
                      }     CASE NO. 2:11-cv-0053-SLB
SEQUA CORPORATION, d/b/a  }
Precoat Metals,             }
                      }
      Defendant.     }

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE**, this 19th day of April, 2011.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE



# MB  McMAHON·BERGER

ATTORNEYS AT LAW
*A Professional Corporation*

2730 NORTH BALLAS ROAD - SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039

TELEPHONE: 314-567-7350
FACSIMILE: 314-567-5968
WWW.MCMAHONBERGER.COM

THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LeMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

*ADMITTED IN ILLINOIS

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS M. HANNA
RALPH E. KENNEDY

April 22, 2011

**CERTIFIED MAIL**

Wellness Treatment Center
Custodian of Records
535 Jack Warner Parkway,  Suite G-3
Tuscaloosa, Alabama  35404

<div style="margin-left:2em">

Re:  John Morris v. Sequa Corporation d/b/a Precoat Metals
Case No. CV-11-0053-SLB
<u>Our File No.:  SQU-093</u>

</div>

Dear Sir or Madam:

We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum.  If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition.   I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

Thank you for your time and cooperation in this matter.  Please do not hesitate to call if you have any questions.

Very truly yours,

Brian C. Hey

BCH:sb
Enclosures

cc:  Thomas Talty

182661.1

*Celebrating over 50 years*
*Founded 1955*

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Alabama |
|---|---|---|

| John Kris Morris | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| **V.** | |
| Sequa Corporation, d/b/a Precoat Metals | Case Number:[1] CV-11-B-0053-S |

TO: Wellness Treatment Center
    Custodian of Records
    535 Jack Warner Parkway, Suite G-3
    Tuscaloosa, AL 35404

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment.

| PLACE    2015 1st Avenue North, Birmingham, AL 35203 | DATE AND TIME |
|---|---|
| | 5/27/2011 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | 4-22-2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian Hey, 2730 N. Ballas Rd, St. Louis, MO 63131; 314-567-7350

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | _Custodian of Records_ | _Certified Mail_ |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

_Brian C. Hey_                    _Attorney for Defendant_

SERVED BY (PRINT NAME)                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    _4-22-2011_

DATE

SIGNATURE OF SERVER

_2730 N. Ballas Rd, St. Louis, Mo    63131_

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT

John Kris Morris, SSN: 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, DOB: 12-19-1974:

INFORMATION TO BE RELEASED FOR THE TIME PERIOD BEGINNING JANUARY 1, 2004 THROUGH THE PRESENT:

☑     ENTIRE MEDICAL RECORD (including ER records, admission and discharge summaries, dictated reports and consults, operative and procedure reports, intraoperative and procedure flow sheets, informed consents, physician orders, progress notes, flow sheets, medication and transfusion records, test results, labs, pictures, pathology reports, EKGs, fetal monitoring strips, office records, immunization records growth charts, telemetry strips, radiology and other diagnostic reports, patient instructions, discharge summary).

☑     RECORD ABSTRACT (History and physical, progress notes, lab, radiology, operative report, pathology report, consultation report and diagnostic tests).

☑     RADIOLOGY AND OTHER DIAGNOSTIC IMAGING FILM, PICTURES, AND OR CD ROM (x-rays, CT scans, MRI, ultrasound, angiogram, diagnostic procedure, etc.,) unless otherwise specified.

☑     ALL MEDICAL AND RELATED BILLS RELATED TO THE ABOVE REQUESTED INFORMATION

☑     MEDICATION RECORDS

☑     OTHER (SPECIFY CONTENT): medical and counseling records relating to treatment for emotional pain, suffering, humiliation, embarrassment, inconvenience, mental anguish, and loss of enjoyment of life.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ _____, being by me duly sworn, deposed as follows:

1.    My name is_____. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

2.    I am the Custodian of Records for the Wellness Treatment Center.

3.    Attached hereto are ___ pages of records representing copies of the documents in the possession of the Wellness Treatment Center pertaining to John Kris Morris.

4.    These _____ pages of records are kept by the Wellness Treatment Center in the regular course of business; it was the regular course of business of the Wellness Treatment Center or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

5.    The records attached hereto are exact duplicates of the original records.

_____

STATE OF ALABAMA    )
                       )SS
COUNTY OF _____)

Subscribed and sworn to before me this ____ day of _____, 20____.

_____
Notary Public

My Commission Expires:

FILED
2011 Apr-19  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN KRIS MORRIS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | |
| | } | **CASE NO. 2:11-cv-0053-SLB** |
| **SEQUA CORPORATION, d/b/a** | } | |
| **Precoat Metals,** | } | |
| | } | |
| **Defendant.** | } | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE**, this 19th day of April, 2011.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

2



**MB** McMAHON•BERGER

THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LEMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

*ADMITTED IN ILLINOIS

**ATTORNEYS AT LAW**
*A Professional Corporation*

2730 NORTH BALLAS ROAD - SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039

TELEPHONE: 314-567-7350
FACSIMILE: 314-567-5968
WWW.MCMAHONBERGER.COM

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS N. HANNA
RALPH E. KENNEDY

April 22, 2011

<u>**CERTIFIED MAIL**</u>

Unemployment Compensation Office
Custodian of Records
3460 Third Avenue, S.
Birmingham, Alabama 35222

      Re:   John Morris v. Sequa Corporation d/b/a Precoat Metals
             Case No. CV-11-0053-SLB
             <u>Our File No.: SQU-093</u>

Dear Sir or Madam:

      We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum. If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition. I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

      Thank you for your time and cooperation in this matter. Please do not hesitate to call if you have any questions.

                            Very truly yours,

                            Brian C. Hey

BCH:sb
Enclosures

    cc:   Thomas Talty

182662.1
                       *Celebrating over 50 years*
                         *Founded 1955*

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Alabama |
|----------|-------------|---------|

John Kris Morris

V.

Sequa Corporation, d/b/a Precoat Metals

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-11-B-0053-S

TO:   Unemployment Compensation Office
      Custodian of Records
      3460 Third Avenue, S.
      Birmingham, AL  35222

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|--------------------|-----------|
|                    | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment.

| PLACE       2015 1st Avenue North, Birmingham, AL  35203 | DATE AND TIME      5/27/2011 9:00 am |
|----------------------------------------------------------|---------------------------------------|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     Attorney for Defendant | DATE      4-22-2011 |
|------------------------------------------------------------------------------------------------------------------|----------------------|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian C. Hey, 2730 N. Ballas Rd, St. Louis, MO 63131, 314-567-7350

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | Custodian of Records | Certified Mail |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

Brian C. Hey          Attorney for Defendt

SERVED BY (PRINT NAME)          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    7-22-2011                       SIGNATURE OF SERVER

DATE

2750 N. Ballas Rd St. Louis, MO 63131

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person who is not a party or an officer of a party to the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT

John Kris Morris, SSN: 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, DOB: 12-19-1974, Claim date: 9-14-2008:

John Kris Morris' unemployment application and unemployment file, as well as any records in your possession concerning John Kris Morris' unemployment claim.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

# AFFIDAVIT

Before me, the undersigned authority, personally appeared _____
_____, being by me duly sworn, deposed as follows:

      1.     My name is_____. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

      2.     I am the Custodian of Records for the Unemployment Compensation Office.

      3.     Attached hereto are ___ pages of records representing copies of the documents in the possession of the Unemployment Compensation Office pertaining to John Kris Morris.

      4.     These _____ pages of records are kept by the Unemployment Compensation Office in the regular course of business; it was the regular course of business of the Unemployment Compensation Office or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

      5.     The records attached hereto are exact duplicates of the original records.

_____

STATE OF ALABAMA    )
                          )SS
COUNTY OF _____)

Subscribed and sworn to before me this ____ day of _____, 20____.

_____
Notary Public

My Commission Expires:

FILED

2011 Apr-19  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOHN KRIS MORRIS,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| **v.** | } |
| | } **CASE NO. 2:11-cv-0053-SLB** |
| **SEQUA CORPORATION, d/b/a** | } |
| **Precoat Metals,** | } |
| | } |
| **Defendant.** | } |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE**, this 19th day of April, 2011.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE



**MB** **McMAHON•BERGER**

THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LEMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

*ADMITTED IN ILLINOIS

ATTORNEYS AT LAW
*A Professional Corporation*

2730 NORTH BALLAS ROAD · SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039

TELEPHONE: 314-567-7350
FACSIMILE: 314-567-5968
WWW.MCMAHONBERGER.COM

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS M. HANNA
RALPH E. KENNEDY

April 22, 2011

**CERTIFIED MAIL**

Ms. Beverly Walton
Concentra Medical Centers
Custodian of Records
110 Oxmoor Court
Birmingham, Alabama 35209

      Re:    John Morris v. Sequa Corporation d/b/a Precoat Metals
            Case No. CV-11-0053-SLB
            <u>Our File No.:  SQU-093</u>

Dear Ms. Walton:

      We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum.  If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition.  I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

      Thank you for your time and cooperation in this matter.  Please do not hesitate to call if you have any questions.

                         Very truly yours,

                         Brian C. Hey

BCH:sb
Enclosures

cc:   Thomas Talty

182663.1

*Celebrating over 50 years*
*Founded 1955*

## Issued by the
# UNITED STATES DISTRICT COURT

Northern      DISTRICT OF      Alabama

John Kris Morris

V.

Sequa Corporation, d/b/a Precoat Metals

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-11-B-0053-S

TO:   Beverly Walton, Operations Director
       Custodian of Records
       Concentra Medical Centers
       110 Oxmoor Court, Birmingham, AL 35209

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment.

| PLACE    2015 1st Avenue North, Birmingham, AL 35203 | DATE AND TIME<br>5/27/2011 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Attorney for Defendant* | DATE    4-27-2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian C. Hey, 2730 N. Ballas Rd, St. Louis, MO 63131. 314-567-7350

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED _Custodian of Records_ _Certified Mail_

SERVED ON (PRINT NAME)      MANNER OF SERVICE

_Brian C. Hey_      _@. Attorney for Defendant_

SERVED BY (PRINT NAME)      TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   _4-27-2011_

DATE

SIGNATURE OF SERVER

_2730 N. Ballas Rd, St. Louis, MO_

ADDRESS OF SERVER   _63131_

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**ATTACHMENT**

John Kris Morris, SSN: 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, DOB: 12-19-1974:

INFORMATION TO BE RELEASED FOR THE TIME PERIOD BEGINNING J<small>ANUARY</small> 1, 2004 THROUGH THE PRESENT:

☑       E<small>NTIRE MEDICAL RECORD</small> (including ER records, admission and discharge summaries, dictated reports and consults, operative and procedure reports, intraoperative and procedure flow sheets, informed consents, physician orders, progress notes, flow sheets, medication and transfusion records, test results, labs, pictures, pathology reports, EKGs, fetal monitoring strips, office records, immunization records growth charts, telemetry strips, radiology and other diagnostic reports, patient instructions, discharge summary).

☑       R<small>ECORD</small> A<small>BSTRACT</small> (History and physical, progress notes, lab, radiology, operative report, pathology report, consultation report and diagnostic tests).

☑       R<small>ADIOLOGY AND OTHER DIAGNOSTIC IMAGING FILM</small>, P<small>ICTURES</small>, <small>AND OR</small> CD <small>ROM</small> (x-rays, CT scans, MRI, ultrasound, angiogram, diagnostic procedure, etc.,) unless otherwise specified.

☑       A<small>LL MEDICAL AND RELATED BILLS RELATED TO THE ABOVE REQUESTED INFORMATION</small>

☑       M<small>EDICATION</small> R<small>ECORDS</small>

☑       O<small>THER</small> (<small>SPECIFY CONTENT</small>): medical and counseling records relating to treatment for emotional pain, suffering, humiliation, embarrassment, inconvenience, mental anguish, and loss of enjoyment of life.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ _____, being by me duly sworn, deposed as follows:

1.    My name is_____. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

2.    I am the Custodian of Records for the Concentra Medical Centers.

3.    Attached hereto are ___ pages of records representing copies of the documents in the possession of the Concentra Medical Centers pertaining to John Kris Morris.

4.    These _____ pages of records are kept by the Concentra Medical Centers in the regular course of business; it was the regular course of business of the Concentra Medical Centers or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

5.    The records attached hereto are exact duplicates of the original records.

_____

STATE OF ALABAMA    )
                      )SS
COUNTY OF _____)

Subscribed and sworn to before me this ____ day of _____, 20____.

_____
Notary Public

My Commission Expires:

FILED

2011 Apr-19  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN KRIS MORRIS, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | |
| | } | CASE NO. 2:11-cv-0053-SLB |
| SEQUA CORPORATION, d/b/a | } | |
| Precoat Metals, | } | |
| | } | |
| **Defendant.** | } | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.   This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA.   45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action.   Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.   See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE**, this 19th day of April, 2011.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

2



## MB McMAHON·BERGER

THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LeMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

*ADMITTED IN ILLINOIS

ATTORNEYS AT LAW
*A Professional Corporation*

2730 NORTH BALLAS ROAD · SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039
TELEPHONE: 314·567·7350
FACSIMILE: 314·567·5968
WWW.MCMAHONBERGER.COM

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS M. HANNA
RALPH E. KENNEDY

April 22, 2011

**CERTIFIED MAIL**

T-MobileWireless
Attn: Subpoena Compliance
Custodian of Records
4 Sylvan Way
Parsippany, New Jersey 07054

**VIA FACSIMILE: (973) 292-8697**
**and REGULAR U.S. MAIL**

      Re:    John Morris v. Sequa Corporation d/b/a Precoat Metals
              Case No. CV-11-0053-SLB
              Our File No.: SQU-093

Dear Sir or Madam:

      We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum. If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition. I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

      Thank you for your time and cooperation in this matter. Please do not hesitate to call if you have any questions.

                   Very truly yours,

                   Brian C. Hey

BCH:sb
Enclosures

cc:    Thomas Talty

182665.1

*Celebrating over 50 years*
*Founded 1955*

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF        NEW JERSEY

| | |
|---|---|
| John Kris Morris | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Sequa Corporation, d/b/a Precoat Metals | Case Number:[1] CV-11-B-0053-S |

TO:    T-Mobile Wireless (Fax: (973) 292-8697)
       Attn: Subpoena Compliance
       Custodian of Records
       4 Sylvan Way, Parsippany, NJ 07054

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment

| PLACE    3769 Highway 46 East, Parsippany, NJ 07054 | DATE AND TIME<br>5/27/2011 9:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Attorney for Defendant* | DATE<br>4-22-2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*Brian C. Hey, 2280 N. Ballas Rd, St. Louis, Mo 63131; 314-567-7350*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *Custodian of Records* | *Certified Mail* |

SERVED ON (PRINT NAME)              MANNER OF SERVICE

*Brian C. Hey*             *Attorney for Defendant*

SERVED BY (PRINT NAME)              TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   *4-22-2011*

DATE

SIGNATURE OF SERVER

*2230 N. Ballas Rd, St. Louis, MO 63131*

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person who is not a party or an officer of a party subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT

John Kris Morris, SSN: 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, DOB: 12-19-1974, telephone numbers (205) 425-4576 and (205) 267-2654:

Documentation indicating all incoming and outcoming calls to and from John Kris Morris' telephone from August 1, 2008 to February 28, 2009. John Kris Morris' telephone numbers may include, but may not be limited to, (205) 425-4576 and (205) 267-2654.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ _____, being by me duly sworn, deposed as follows:

1.      My name is_____. I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

2.      I am the Custodian of Records for T-Mobile Wireless.

3.      Attached hereto are ___ pages of records representing copies of the documents in the possession of T-Mobile Wireless pertaining to John Kris Morris.

4.      These _____ pages of records are kept by T-Mobile Wireless in the regular course of business; it was the regular course of business of T-Mobile Wireless or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

5.      The records attached hereto are exact duplicates of the original records.


_____


STATE OF NEW JERSEY    )
                       )SS
COUNTY OF _____  )

Subscribed and sworn to before me this ____ day of _____, 20____.


_____
Notary Public

My Commission Expires:



THOMAS O. McCARTHY
JAMES N. FOSTER, JR.
JOHN B. RENICK
PATRICIA M. McFALL
KEVIN J. LORENZ*
GEOFFREY M. GILBERT, JR.
MICHELLE M. CAIN*
STEPHEN B. MAULE
ROBERT D. YOUNGER
BRYAN D. LeMOINE*
DANIEL G. FRITZ
AMY R. BROWN
JOSHUA E. RICHARDSON
BRIAN C. HEY
DALLAS W. CUPP*
BRIAN M. O'NEAL*
DAVID P. FRENZIA*
GINA MOSHIRI*
JOHN J. MARINO*

**ATTORNEYS AT LAW**
*A Professional Corporation*

2730 NORTH BALLAS ROAD • SUITE 200
POST OFFICE BOX 31901
ST. LOUIS, MISSOURI 63131-3039

TELEPHONE: 314-567-7350
FACSIMILE: 314-567-5968
WWW.MCMAHONBERGER.COM

OFFICES:
ST. LOUIS, MO
COLLINSVILLE, IL
BY APPOINTMENT ONLY

V. LEE McMAHON
(1910-1996)
ALAN I. BERGER
(1933-1999)

OF COUNSEL:
THOMAS M. HANNA
RALPH E. KENNEDY

April 22, 2011

*ADMITTED IN ILLINOIS

**CERTIFIED MAIL**

Sprint Wireless
Attn: Subpoena Compliance
Custodian of Records
6391 Sprint Parkway
Overland Park, Kansas 66251

**VIA FACSIMILE:** (816) 660-3111
**and REGULAR U.S. MAIL**

Re: John Morris v. Sequa Corporation d/b/a Precoat Metals
Case No. CV-11-0053-SLB
Our File No.: SQU-093

Dear Sir or Madam:

We are writing on behalf of Sequa Corporation, d/b/a Precoat Metals, the Defendant in the above-referenced matter, to request the following documents as requested in the enclosed Subpoena Duces Tecum. If you send me the requested documents before May 27, 2011, along with an executed affidavit, you will not need to appear at the Law Offices of Marsh Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 for deposition. I have enclosed both the Subpoena Duces Tecum and Affidavit for your convenience.

Thank you for your time and cooperation in this matter. Please do not hesitate to call if you have any questions.

Very truly yours,

Brian C. Hey

BCH:sb
Enclosures

cc:   Thomas Talty

182664.1

*Celebrating over 50 years*
*Founded 1955*

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ KANSAS _____

John Kris Morris

**V.**

Sequa Corporation, d/b/a Precoat Metals

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-11-B-0053-S

TO: Sprint (Fax: (816) 600-3111)
Attn: Subpoena Compliance
Custodian of Records
6391 Sprint Parkway, Overland Park, KS 66251

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment

| PLACE      10800 Metcalf Avenue, Overland Park, KS  66210 | DATE AND TIME 5/27/2011 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Defendant | DATE  4·22·2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian C. Hey, 2730 N. Ballas Rd, St. Louis, MO 63131; 314-567-7550

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *Custodian of Records* | *Certified Mail* |

SERVED ON (PRINT NAME): *Brian C. Hey*

MANNER OF SERVICE

SERVED BY (PRINT NAME): 

TITLE: *Attorney for Defendant*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  *4-22-2011*

DATE

SIGNATURE OF SERVER

*2730 N. Ballas Rd, St. Louis, MO 63131*

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT

John Kris Morris, SSN: 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, DOB: 12-19-1974, telephone numbers (205) 425-4576 and (205) 267-2654:

Documentation indicating all incoming and outcoming calls to and from John Kris Morris' telephone from August 1, 2008 to February 28, 2009. John Kris Morris' telephone numbers may include, but may not be limited to, (205) 425-4576 and (205) 267-2654.

If you do not wish to appear for deposition, you should send the responsive records to the Law Offices of William M. Acker, III, 2015 1st Avenue North, Birmingham, AL 35203 or McMahon Berger, P.C., Attorneys at Law, and/or Brian C. Hey, 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131-3039 prior to May 27, 2011.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ _____, being by me duly sworn, deposed as follows:

1.     My name is_____.  I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

2.     I am the Custodian of Records for Sprint.

3.     Attached hereto are ___ pages of records representing copies of the documents in the possession of Sprint pertaining to John Kris Morris.

4.     These _____ pages of records are kept by Sprint in the regular course of business; it was the regular course of business of Sprint or an employee or representative with knowledge of the act, event, condition, opinion or matter recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or matter referenced therein.

5.     The records attached hereto are exact duplicates of the original records.


_____


STATE OF KANSAS        )
                       )SS
COUNTY OF _____  )

Subscribed and sworn to before me this ____ day of _____, 20____.



_____
Notary Public

My Commission Expires: