UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN KRIS MORRIS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO. 2:11-cv-0053-SLB |
| } | |
| **PRECOAT METALS, a division of** } | |
| **SEQUA CORPORATION, a** } | |
| **Delaware Corporation,** } | |
| } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff John Kris Morris's ("Morris") Motion to Supplement the Record, and Motion for Reconsideration Pursuant to Fed. Rule Civ. P. 59(e), (doc. 55),[1] and defendant Precoat Metals' ("Precoat"), a division of Sequa Corporation, Motion to Strike Certain Exhibits from Plaintiff's Rule 59(e) Motion, (doc. 60). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Morris's Motion to Supplement and for Reconsideration, (doc. 55), is due to be denied, and Precoat's Motion to Strike, (doc. 60), is due to be granted.

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

# I. STANDARD OF REVIEW

## A. Motion for Reconsideration

A Rule 59(e) motion[2] allows parties the chance to, within 28 days, convince the district court to alter or amend a final judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). However, the standard that must be met is a high one: "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)); *see also Evans v. Books-A-Million*, CV-07-S-2172-S, 2012 WL 5954118, *1 (N.D. Ala. Nov. 28, 2012) ("Rule 59(e) is silent regarding the substantive grounds for a motion to alter or amend. Even so, courts have identified three circumstances that may justify granting such motions: (1) an intervening change in controlling law; (2) newly available evidence; and (3) the need to correct clear errors of law or fact."). Notably, newly discovered evidence does *not* include evidence that was already presented to the trial court, evidence that a party already had possession of but chose not to present, or even evidence that could have been reasonably discovered during the pendency

---

[2] Though Morris has labeled his Motion as a "Motion for Reconsideration," "[b]ecause the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such motions . . . are considered motions to alter or amend judgments pursuant to Fed. R. Civ. P. 59(e)." *In re Greektown Holdings, LLC*, 12-CV-12340, 2012 WL 4484933, *2 (E.D. Mich. Sept. 27, 2012) (quoting *Basinger v. CSX Transp., Inc.*, 1996 WL 400182, *2 (6th Cir. 1996)) (internal quotation marks omitted).

of the case through the exercise of due diligence. *See Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (alteration in original) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005))); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2808 (3d ed. 2012) ("The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them.").

Additionally, parties may not use a motion to alter or amend to make arguments they could have made while the case was ongoing. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."). Moreover, there "is no burden upon the district court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments." *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012). Ultimately, these strict rules are in place because "[r]econsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation

of scarce judicial resources." *Sonnier v. Computer Programs & Sys., Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001) (alteration in original) (citations omitted).

### B. Motion to Strike

Generally, district courts have broad discretion when considering a motion to strike. *See Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1360 (S.D. Fla. 2009). Federal Rule of Civil Procedure 12(f) sets forth the standard for granting a motion to strike, stating in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The terms of the Rule only apply to pleadings, which are defined in Rule 7(a) as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; [or] (7) . . . a reply to an answer." Fed. R. Civ. P. 7(a). Accordingly, based on this Rule, some courts refuse to grant motions to strike evidence or other non-pleadings. *See, e.g.*, *Jallali v. Am. Osteopathic Ass'n*, 11-60604-CIV, 2011 WL 2039532, *1-2 (S.D. Fla. May 25, 2011) (noting that motion to dismiss was not a pleading, and therefore denying motion to strike); *Riviera S. Apartments, Inc. v. QBE Ins. Corp.*, 07-60934 CIV, 2007 WL 2506682, *1 (S.D. Fla. Aug. 30, 2007) ("[B]ecause the exhibit that Defendant seeks to have stricken is not a 'matter' included in any pleading, it cannot be stricken pursuant to Rule 12(f)."); *Smith v. Se. Stages, Inc.*, 479 F. Supp. 593, 594 (N.D. Ga. 1977)

(observing that "affidavits submitted in support of a motion are clearly not within [the pleading] category").

However, other courts have noted that evidence submitted in support of motions or pleadings may be "challenged by motions to strike because the Federal Rules provide no other means to contest [its] sufficiency." *Anderson v. Ga. Gulf Lake Charles, LLC*, 2:07-CV-1378 LEAD, 2008 WL 919716, *1 (W.D. La. Apr. 4, 2008) (citing cases).[3] Based on both this rationale and the concept that a motion to strike evidence may sometimes be treated like a motion in limine, *see, e.g.*, *Moulton v. Desue*, 3:11-CV-382-J-37JBT, 2012 WL 2865809, *1 n.2 (M.D. Fla. July 11, 2012); *Moody v. Coliseum Psychiatric Ctr., LLC*, 5:04-CV-364 (DF), 2006 WL 1652281, *4 n.3 (M.D. Ga. June 12, 2006); *Hiscox Dedicated Corporate Member, Ltd v. Matrix Group Ltd., Inc.*, 8:09-CV-2465-T-33AEP, 2011 WL 2148088, *3

---

[3] The Eleventh Circuit cases considering motions to strike are not entirely clear. On the one hand, when referring to a motion to strike an affidavit submitted in support of a motion for summary judgment, the court has noted in a footnote that "motions to strike are only appropriately addressed towards matters contained in the pleadings . . . ." *Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008). On the other, it has routinely affirmed district court rulings considering motions to strike. *See, e.g.*, *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112-13 (11th Cir. 2010) (affirming district court's partial grant of motion to strike unauthenticated evidence attached to summary judgment response); *Reese v. Herbert*, 527 F.3d 1253, 1265, 1274 (11th Cir. 2008) (affirming district court grant of motion to strike affidavit, but referring to it as the "decision to exclude [the] affidavit" and "the disallowance" of the affidavit); *Barron v. Fed. Reserve Bank of Atlanta*, 129 F. App'x 512, 519-20 (11th Cir. 2005) (reviewing district court's denial of motion to strike evidence based on other grounds and concluding that it "did not abuse its discretion in denying the motion to strike"); *see also Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170-71 (11th Cir. 2006) (entertaining, but denying motion to strike evidence for other reasons). Accordingly, it appears that the Eleventh Circuit generally permits motions to strike documents other than just pleadings, so long as it is an evidentiary matter.

(M.D. Fla. May 31, 2011), many courts entertain motions to strike evidence.[4]  Under this view, motions to strike evidence may be granted where the evidence that is offered is inadmissible under the Federal Rules of Evidence.  *See Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) (stating a court may strike inadmissible evidence); *see also Alston v. Infirmary Health Hosps., Inc.*, 1:11-CV-550-CG-M, 2012 WL 5045369, *2 (S.D. Ala. Oct. 18, 2012) (granting motion to strike affidavit attached to motion); 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, *Federal Practice and Procedure* § 1383 (3d ed. 2012) (inadmissible evidence may be stricken).  They may also be granted on a motion to alter or amend where a party does not truly offer newly discovered evidence, but rather, "points to evidence and makes arguments that could have been offered at the time the motion for summary judgment was briefed."  *Phillips v. Am. Honda Motor Co., Inc.*, CIV.A. 04-0634-CG-B, 2006 WL 1889564, *1 (S.D. Ala. July 10, 2006) *aff'd*, 238 F. App'x 537 (11th Cir. 2007); *see also Rawls v. Ala. Dep't of Human Res.*, 2:11CV59-MHT, 2012 WL 1957618, *1 (M.D. Ala. May 31, 2012) (striking evidence submitted on motion for reconsideration because it had not been submitted during the pendency of the case).  Finally, this court has traditionally entertained motions to strike evidence.  *See, e.g.*, *Franks v. Indian Rivers Mental Health Ctr.*, 7:08-CV-1035-SLB, 2012

---

[4] In addition, Rule 103 of the Federal Rules of Evidence implies that this may be done. *See* Fed. R. Evid. 103(a)(1)(A) (stating that a party may claim error in a ruling to admit evidence only if, among other things, the party "timely objects or moves to strike"); *see also Corey Airport Servs., Inc. v. City of Atlanta*, 632 F. Supp. 2d 1246, 1267-68 (N.D. Ga. 2008), *rev'd in part on other grounds sub nom. Corey Airport Servs., Inc. v. Decosta*, 587 F.3d 1280 (11th Cir. 2009) ("Rule 103 implicitly recognizes that a motion to strike evidence is procedurally proper.")

WL 4736444, *13, *24 (N.D. Ala. Sept. 30, 2012) (striking portions of affidavit containing inadmissible evidence).

## II.  DISCUSSION

### A.  Motion for Reconsideration

Morris makes fifteen arguments as to why this court should alter its judgment pursuant to Rule 59(e). (Doc. 55.) These are as follows: (1) Precoat did not supply the court with supplemental evidence requested by the court at oral argument; (2) Morris has acquired supplemental evidence as to the use of his insurance card between September 1, 2008, and February of 2009; (3) a statute exists under Alabama law that does not require one to be unemployed in order to receive unemployment benefits; (4) Morris filed his unemployment claim by phone and his separation from Precoat was listed as "lack of work"; (5) he has acquired supplemental evidence showing the Alabama Department of Labor ("ADOL") sent Precoat a standard form requesting information as to why Morris was no longer employed, but that it never received a response; (6) evidence exists which shows that a notice was sent to Precoat informing it that Morris was receiving unemployment compensation and describing Precoat's right to appeal; (7) Morris again lists provisions from the Alabama Code, stating the conditions for when an individual shall be disqualified for unemployment; (8) he argues that because Precoat did not contest his receipt of unemployment, he still believed that he would be returned to work and was not on notice of his termination; (9) he presents additional evidence of his injuries, requesting that the court reconsider his equitable

tolling arguments; (10) Morris also presents additional evidence demonstrating that his insurance payments had been deducted from his paycheck in order to show that he did not affirmatively stop paying benefits; (11) he argues that Precoat attempted to improperly influence the court by claiming that it could prove Morris did not call Adriane Louie ("Louie") from the date he filed for unemployment (on September 1, 2008) until February 3, 2009, and that the evidence taken in the light most favorable to the plaintiff shows that he did call Louie; (12) Morris argues he can succeed on the merits of his case because the evidence taken in the light most favorable to the plaintiff evidences that he had a physical impairment which made him substantially limited in more than one major life activity, and the court did not properly construe the evidence in the light most favorable to the plaintiff; (13) Morris did not have unequivocal notice of his termination until February of 2009; (14) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADAAA"), as opposed to the pre-amendment Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., applies to his case because he did not have unequivocal notice of his termination until February of 2009; (15) Morris requests the court consider his new evidence because a reasonable jury could find in his favor. In addition to these, Morris further requests a re-taxing of costs because his claims were not frivolous, unreasonable, or without foundation. (*See* doc. 55 ¶¶ 1-16.)

The court need not specifically address each of these. Ultimately, all fifteen arguments fail because of the high burden a losing party must show on a Motion under Rule

59(e): "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343. Many of the issues raised by Morris were first identified by the court at oral argument on Precoat's Motion for Summary Judgment, (doc. 34), and the court cannot make the parties' arguments for them—"the onus is upon the parties to formulate [the] arguments," *Solutia, Inc.*, 672 F.3d at 1239. Though the court admires plaintiff's counsel's tenacity and zealous advocacy for his client, as briefly explained below, each of Morris's fifteen arguments fails.

In his first argument, Morris claims that Precoat did not provide plaintiff or the court with the supplemental evidence requested at oral argument (a new copy of Morris's termination sheet). (Doc. 55 ¶ 1.) This argument fails because the court never requested any supplemental evidence. While the court considered requiring a new copy of the termination sheet, it ultimately determined that the evidence would not make any difference in its decision. Therefore, the court instructed counsel that it would not be requiring any supplemental evidence.

Second, arguments (2), (doc. 55 ¶ 2), and (5), (*id.* ¶ 5), both hinge on the submission of new evidence that Morris did not have at the time of oral argument on Precoat's Motion for Summary Judgment, (doc. 34), but procured afterward. Despite the fact that Morris did

9

not possess the evidence[5] during the pendency of the case, the court agrees with Precoat that it cannot take the evidence into consideration because Morris has not shown that the evidence was unavailable to him at that time. *See Mays*, 122 F.3d at 46 (affirming the district court's denial of a motion for reconsideration because the party who had filed the motion "failed to allege, much less show, that she could not have submitted the affidavits attached to her motion for reconsideration any earlier"); *Marous Bros. Const., Inc. v. Ala. State Univ.*, 2:07-CV-384-RDP-CSC, 2010 WL 2773422, *3 (M.D. Ala. July 14, 2010) ("[Plaintiff] has not shown that the 'newly discovered' evidence was not available . . . when he was responding to Defendants [sic] motions for summary judgment. Rather, the evidence which [he] claims is 'newly discovered' was only recently discovered because [he] failed to conduct necessary discovery . . . ."); *cf. Adams v. City of Montgomery*, 2:10CV924-MHT, 2012 WL 1952294, *2 (M.D. Ala. May 30, 2012) (granting motion to reconsider because certain material documents had been hidden throughout discovery and came to light only after the court granted summary judgment).

Third, several of Morris's arguments rest (at least partially) upon the submission of new evidence that Morris *did* have at the time of oral argument, but that he did not submit to the court at the summary judgment stage. (*See* doc. 55 ¶¶ 4, 6, 9, 10, 11, 15.)

---

[5] The supplemental evidence that Morris recently obtained and now wishes to submit to the court are patient history records from his pharmacy, (doc. 55-1), showing that he used his insurance card nine times from June 1, 2008 to February 1, 2009, (*id.*), as well as an e-mail from the ADOL office stating that it had no record of a response from Precoat regarding ADOL's inquiry about Morris's separation from the company, (doc. 55-3).

Additionally, several other arguments at least partially rest on evidence that was already submitted to the court for purposes of summary judgment. (*See id.* ¶¶ 9, 10, 11, 12, 15.) Again, these pieces of evidence do not constitute newly discovered evidence for purposes of Rule 59(e), and thus, cannot be considered by the court. *See Arthur*, 500 F.3d at 1343 (Rule 59(e) motion cannot be used to relitigate old matters or present evidence that could have been raised prior to entry of judgment); *see also, e.g., Saenzpardo v. United Framing Const. Co.*, CIV.A. 10-00049-CG-M, 2011 WL 5155094, *2 (S.D. Ala. Oct. 31, 2011) (information available to movant that had already been in his possession did not constitute newly discovered evidence sufficient to warrant reconsideration under Rule 59(e)). At bottom, these are all attempts at asking the court simply to reexamine its ruling, but "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Having read [the] motion, we conclude that it did nothing but ask the district court to reexamine an unfavorable ruling.").

Finally, Morris's additional arguments rest on legal grounds and raise issues that were either not raised by the parties in the briefing on Precoat's Motion for Summary Judgment, (*see* doc. 55 ¶¶ 3, 7, 8), or simply rehash old arguments that this court has already considered, (*see id.* ¶¶ 9, 10, 11, 12, 13, 14). The court cannot, at this stage, take into consideration legal

arguments that were not made before the entry of a final judgment.[6]  *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (noting that motions to alter or amend are not to be used to raise arguments which could have been made before judgment was rendered); *see also, e.g.*, *E.E.O.C. v. Summer Classics, Inc.*, 471 F. App'x 868, 870-71 (11th Cir. 2012) (affirming district court's disallowance of a new argument raised in a Rule 59(e) motion to alter or amend).  Moreover, the court also cannot entertain arguments that were already made at the summary judgment stage absent manifest error.  This would amount to relitigation of the case, *see Arthur*, 500 F.3d at 1343, which is not the proper purpose for a Rule 59(e) motion.  *See Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) ("A motion for reconsideration is not an opportunity for the moving party and their [sic] counsel to instruct the court on how the court 'could have done it better' the first time.").  Therefore, in light of the high burden that a party filing a Rule 59(e) Motion must meet, the court finds that Morris has failed to show that there has been an intervening change in controlling law, newly available evidence, or a clear error of law or fact.  *See Evans*, 2012 WL 5954118, at *1.

Although Morris has failed to meet the requirements necessary to succeed on a Rule 59(e) Motion, the court will nevertheless briefly address some of plaintiff's disagreements

---

[6] As noted earlier, several of the arguments made by Morris in his Motion for Reconsideration were raised by the court at oral argument.  For example, the court asked the parties about Alabama Code § 25-4-71, the provision for "[w]hen individuals [are] deemed unemployed," which technically allows an individual to be employed to some extent, yet still receive unemployment.  *See* Ala. Code § 25-4-71 (1975).

with the court's Memorandum Opinion. First, Morris states that "the court improperly relied" on his testimony regarding the ceasing of his insurance payments. (Doc. 55 ¶ 10.) However, Morris no doubt knew during his employment with Precoat that his insurance payments were deducted from his pay; therefore, he must have been aware that his insurance was no longer being paid for (i.e., deducted from his paycheck) once he stopped receiving paychecks. It makes little difference whether Morris *affirmatively* stopped paying for his insurance or not, so long as he knew it was no longer being paid for. This evidence goes toward Morris's state of mind—namely, whether he had unequivocal notice of his termination.

Next, Morris argues in his Motion that he tried to contact Louie from August 22, 2008, from February 3, 2009, and that the facts in the light most favorable to the plaintiff show that he did indeed contact her. (Doc. 55 ¶ 11.) The court never stated that it found Morris had not contacted Louie, it only stated that "he cannot say for sure that he contacted Precoat after filing for unemployment benefits [on September 1, 2008]." (Doc. 52 at 30.) The evidence on this point is unclear. (*See* doc. 34-4 at 149-50; doc. 34-5 at 231; doc. 38-2 ¶ 26, ¶ 30.) However, even if the evidence showed that Morris had unequivocally tried to contact Louie, it would not change the result. In such a scenario, Louie's complete failure to respond would have certainly aided in alerting him to the fact that he was no longer employed at Precoat. Therefore, the evidence in this case, with or without evidence of his contacting Louie, still evinces that Morris had notice—or at the very least, reason to

13

know—of his termination as of September 1, 2008. (*See* doc. 52 at 30.)

Finally, Morris also takes issue with the court's decision on the merits, stating that "the court has . . . not properly considered evidence in the light most favorable to the plaintiff" in regards to whether Precoat perceived Morris as substantially limited in any major life activity under the ADA. (Doc. 55 ¶ 12.) However, the court need not consider this argument, given that it has not reconsidered its holding that Morris was on unequivocal notice and also had reason to know of his termination for purposes of the statute of limitations. (*See* doc. 52 at 34, 37.) Therefore, for all of the reasons stated above, Morris's Motion for Reconsideration is due to be denied. *See, e.g.*, *Branch Banking & Trust Co. v. Imagine CBQ, LLC*, CIV.A. 11-00168-KD-C, 2012 WL 3996842, *3 (S.D. Ala. Sept. 11, 2012) (denying rule 59(e) motion to alter or amend because it cannot be used to relitigate old matters); *see also, e.g.*, *Collins v. Ensley*, 11-16077, 2012 WL 5870679, *5 (11th Cir. Nov. 21, 2012) (affirming district court's denial of motion for reconsideration).

### B. Motion to Supplement the Record

As discussed extensively above, motions to alter or amend do not allow the losing party to attempt to supplement the record with previously available evidence. *See Mays*, 122 F.3d at 46. Accordingly, the court will not permit Morris to supplement the record with new evidence that he could have submitted to the court at an earlier stage in the litigation. *See, e.g.*, *Carey v. Bellsouth Short Term Disability Plan*, 1:06-CV-2589-WSD, 2008 WL 595938, *2-3 (N.D. Ga. Feb. 29, 2008) (refusing to consider new evidence submitted in support of

motion to reconsider where party did not explain why it could not have been submitted earlier at the summary judgment stage); *Rodriguez v. Cruise Ships Catering & Serv. Int'l, N.V.*, 03-60288-CIV, 2004 WL 5589522, *1-2 (S.D. Fla. Jan. 6, 2004) (same). Therefore, Morris's Motion to Supplement the Record is due to be denied.

### C. Motion to Strike

As observed earlier, motions to strike may be appropriately directed towards the evidence offered in a case. *See Anderson*, 2008 WL 919716, at *1. Here, as already discussed at length above, all of the evidence presented by Morris along with his Motion for Reconsideration "could have been offered at the time the motion for summary judgment was briefed." *Phillips*, 2006 WL 1889564, at *1. Thus, "[f]or that reason alone, the court [may] grant the motion to strike and not consider the evidence." *Rawls*, 2012 WL 1957618, at *1. Accordingly, the court need not address Precoat's additional arguments, and it agrees that the evidence is due to be stricken because it is not appropriately before the court and thus cannot be taken into consideration. *See*, *e.g.*, *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 09-11529, 2010 WL 1063775, *1-2 (E.D. Mich. Mar. 22, 2010) (striking exhibits to motion for reconsideration that were not previously submitted because they were available at the time the motion disposing of the case was considered); *Phillips*, 2006 WL 1889564, at *1 (striking affidavit because it was not newly discovered evidence); *Rawls*, 2012 WL 1957618, at *1 (striking affidavit where plaintiff gave no reason why it had not been submitted earlier).

Therefore, the court will grant Precoat's Motion to Strike Certain Exhibits from Plaintiff's Rule 59(e) Motion.  (Doc. 60.)

### D.  Re-taxing of Costs

Lastly, when it entered its Opinion granting Precoat's Motion for Summary Judgment, (doc. 52), the court also entered a contemporaneous Order dismissing the case and taxing costs to Morris, (doc. 53).  Morris now moves the court for a re-taxing of costs against him,[7] arguing that in cases brought under the ADA, policy considerations weigh against the awarding of attorney's fees and costs to a prevailing defendant unless the court finds the claims were frivolous, unreasonable, or without foundation.  (Doc. 55 ¶ 16.)  He further argues that even in such a situation, the losing plaintiff's financial situation should be considered before imposing costs in a case such as his where the plaintiff is indigent.  (*Id.*)  Precoat responds to this argument in Precoat's Response to Morris' Objections to Precoat's Request for Bill of Costs, (doc. 61), arguing that the imposition of costs upon Morris, the losing party, was proper and should not be altered; in particular, Precoat argues that Morris has not provided substantial documentation of a true inability to pay, (*id.* at 1-2).  The court

---

[7] Additionally, after filing his Motion for Reconsideration, Morris filed Plaintiff's Objections to Defendant's Bill of Costs, (doc. 57), where he disputes certain costs sought by Precoat.  However, the court need not consider his Objections because Precoat has responded that it will elect to seek only the total costs from its Bill of Costs filed with the court, (doc. 54), minus the amount objected to by Morris.  (Doc. 61 at 3.)  This amounts to a total of $3,642.90 in costs that Precoat now seeks.  (*Id.*)

agrees that the imposition of costs was proper and that Morris has not shown a true inability to pay. Therefore, costs shall be taxed against Morris in the amount of $3,642.90.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Though Morris argues that costs should only be imposed when the claims were frivolous, unreasonable, or without foundation, this standard applies only to the awarding of attorney's fees. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (noting the standard for awarding attorney's fees in an ADA case is whether a plaintiff's case was "frivolous, unreasonable, or groundless" (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)) (internal quotation marks omitted)). The imposition of costs by a district court is discretionary, *see Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000), and as Precoat correctly observes, there is a presumption in favor of awarding costs to the prevailing party, *see Picket v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2002).

While a district court may consider a losing party's ability to pay, "good faith and limited financial resources are not enough to overcome th[is] strong presumption." *Id.* There must be a sound basis to "defeat the presumption and deny full costs," *Chapman*, 229 F.3d at 1039, which means that if a court does "choose[] to consider financial status, 'it should require substantial documentation of a true inability to pay,'" *Berube v. McCann Aerospace Machining Corp.*, 11-15152, 2012 WL 3237831, *2 (11th Cir. Aug. 10, 2012) (quoting

17

*Chapman*, 229 F.3d at 1039). Moreover, a court is not permitted to consider the relative wealth of the parties, and "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all" because the deterrent purpose of awarding costs would not be served. *Chapman*, 229 F.3d at 1039.

In this case, even if this court considered Morris's financial status, Precoat is correct in that Morris has not shown substantial documentation of his inability to pay. Substantial documentation includes more proof than simply "self-serving statements that [one] is unable to pay the costs sought." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) ("McGill failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future. His response to the . . . petition for costs merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs."). Here, even if the court were to consider Morris's Affidavit, it is not the substantial documentation that is required to show his inability to pay. *See Chapman*, 229 F.3d at 1039 ("[T]here [must] be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered . . . ."). Because Morris has not demonstrated an inability to pay the reduced costs sought by Precoat, Precoat's Bill of Costs, reduced by Precoat to $3,642.90, is approved.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that Morris's Motion to Supplement the Record, and Motion for Reconsideration Pursuant to Fed. Rule Civ. P. 59(e), (doc. 55), is due to be denied, and Precoat's Motion to Strike Certain Exhibits from Plaintiff's Rule 59(e) Motion, (doc. 60), is due to be granted. Morris is directed to pay costs in the amount of $3,642.90. An order will be entered contemporaneously with this Opinion.

**DONE**, this 4th day of March, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE